ANDROS *v.* SANFORD.

VENDOR AND PURCHASER—LAND CONTRACT—ABATEMENT OF PURCHASE PRICE.

Purchaser under land contract who had occupied store and residence building for several years as tenant before entering into contract of purchase which described it as a brick veneer structure *held,* not entitled to abatement of purchase price upon discovery that one side was not brick veneer when adjacent building was partially torn down several years later, in suit brought nearly nine years after purchase on contract and it does not appear that had the information been obtained at time of purchase that any different price would have been made.

Appeal from Ottawa; Miles (Fred T.), J. Submitted April 22, 1937. (Docket No. 113, Calendar No. 39,439.) Decided May 21, 1937.

Bill by Nicholas Andros against George D. Sanford and wife for the purchase price of property purchased on a land contract. Bill dismissed. Plaintiff appeals. Affirmed.

*Leo C. Lillie* and *Howard W. Fant,* for plaintiff.

*Charles E. Misner,* for defendants.

NORTH, J. Plaintiff purchased on land contract from defendants a lot on which a store building was located. In the particulars hereinafter noted plaintiff claims a mutual mistake was made as to the character of the building and in consequence thereof plaintiff filed a bill of complaint herein and sought.

abatement *pro tanto* of the contract price. After hearing in the circuit court decree was entered dismissing plaintiff's bill of complaint. He has appealed.

Plaintiff first went into possession in 1923 as the tenant of defendants. He continued to occupy the property as a tenant until April 16, 1927, when he purchased it on a land contract. His occupancy of the building both for business and residence purposes has continued. In the contract the property is described as follows:

"Two-story brick veneer store building and E 22½ feet of W 69½ feet of N 89 feet of lots 101 and 102, original plat, in the city of Grand Haven, county of Ottawa, State of Michigan."

Next westerly of plaintiff's building is a three-story brick building belonging to the Elks, constructed in 1872. Plaintiff's building was erected about 50 years ago. At the time of its construction the north and south brick veneer walls were extended west to and flush with the east wall of the Elks' Building. There was no party wall agreement between the owners of the respective parcels; but the west wall of plaintiff's building, while it was in no manner connected with or joined to the easterly wall of the Elks' Building, was erected immediately adjacent, leaving an open space of only two or three inches between the two buildings. This westerly wall of plaintiff's building was not veneered with brick. It is plaintiff's claim that the Elks' building was so close to the westerly wall of his building that the condition just above described was not easily ascertainable and that at the time of his purchase he supposed the westerly wall of his building, as well as the other three sides, was veneered with brick. Plaintiff purchased this property

through an agent who represented the defendants. There is no claim of an intentional false or fraudulent misrepresentation. There is testimony that at plaintiff's insistence the property purchased was described in the contract as a brick veneer building. However, this description was modified by changing it to a more accurate legal description of the property. This was done at the direction of plaintiff's attorney.

In 1930 the front of the Elks' building was torn down and at that time plaintiff learned that the westerly wall of his building was not veneered with brick. Notwithstanding this circumstance plaintiff continued his payments on the contract. In the fall of 1935 he made an attempt at an adjustment of some kind between himself and defendants. Although the effort to adjust was unsuccessful, plaintiff continued making his monthly payments until the time of filing of the bill of complaint herein, March 2, 1936. The theory upon which plaintiff seeks relief is that there was a mutual mistake in describing the building as a brick veneered building and in consequence of the westerly wall not being veneered he has sustained substantial damages, the testimony concerning which varied in amount from $1,500 to substantially $2,400. As hereinbefore noted the trial court found against plaintiff and dismissed his bill of complaint.

As appears from the opinion of the trial judge hereinafter quoted, his consideration of the testimony in this case brought him to the conclusion that the description of the building as a "brick veneer store building," was merely incidental to a description of the property rather than a representation that the building was of a particular character, and that neither the vendors nor the vendee relied par-

ticularly upon this expression. That instead for something like 50 years the easterly wall of the Elks' building had served in part as a westerly protection for plaintiff's property, and that in consummating the contract plaintiff did not rely upon the reference in the contract to the building as being "brick veneered" and was not induced thereby to make the purchase. Evidently the trial court was not impressed with testimony directly to the contrary given by plaintiff. There is testimony that the purchase price of the property was arrived at more on the basis of a front foot value, and that plaintiff referred to the building on the property as not being particularly valuable. The following is a part of the opinion filed by the circuit judge:

"The testimony of Sidney Justema (the agent through whom the property was sold to plaintiff) indicates that he arranged the sale, and at first described the property simply by a statement of description of the building; Mr. Andros wisely consulted an attorney, who added the description of the land (legal description). His testimony indicates that there was no discussion about the 'construction' of the building, and that the description used by him (Justema) was simply the convenient one, taken from the appearances. He states that Andros considered (said) the building was of little value; later plaintiff repaired it.

"The proofs leave the court in doubt as to what the parties or either of them thought about this wall when the sale was made. It indicates that neither of the parties thought of the matter at all, and if they had and the actual facts had been known, there would have been no difference in the matter of the sale, and probably, the building would have been described in exactly the same way.  *  *  *

"Plaintiff had lived in and used the building long enough before he bought so that he should be held to

have made up his mind that he wanted the building as he knew it was. It is the opinion of this court that plaintiff has no legal or equitable ground for relief.''

Plainly speaking the trial judge evidently came to the conclusion, upon consideration of all the testimony given, that plaintiff's ''discovery,'' was an afterthought by means of which he rather belatedly undertook to secure a diminution in the contract purchase price. A careful review of this record discloses nothing which would justify us in departing from the determination of the circuit judge as to the facts in the case. Under the circumstances plaintiff was not entitled to relief and the decree entered in the circuit court, dismissing the bill of complaint, was proper. It is affirmed, with costs to appellees.

FEAD, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.